UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 19, 2021

Narik Wilson
Register No. 63724-050
FCI Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525
*Pro Se Defendant*

Nicole Mastropieri, Esq.
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** **United States v. Narik Wilson,**
**Crim. No. 13-787-1 (SDW)**

Litigants:

Before this Court is *pro se* Defendant Narik Wilson's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 148.)[1] This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

---

[1] Also before this Court is Defendant's Motion for Appointment of Counsel, (D.E. 156), which this Court will deny. Although there is no constitutional right to appointed counsel in civil or post-conviction proceedings, a court has discretion to appoint counsel under 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel, the court must first determine whether the defendant's claim "has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (quotation omitted). As discussed below, Defendant's Motion for Compassionate Release does not meet the procedural prerequisites for judicial review (by his own admission) and his medical circumstances cannot be reasonably considered "compelling and extraordinary." *See United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020). Defendant's Motion for Compassionate Release therefore has no merit in fact or law, and this Court will deny his Motion for Appointment of Counsel accordingly.

**DISCUSSION**

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[2] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On November 1, 2016, Defendant pleaded guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and consisting of: (1) murder conspiracy and attempted murder of Victims 1–7, (2) murder of Victim 8, and (3) conspiracy to distribute one kilogram or more of heroin. (D.E. 64; D.E. 66 at 2.) On June 21, 2017, this Court sentenced Defendant to 360 months of

---

[2] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

imprisonment and five years of supervised release. (D.E. 88.) Defendant is currently serving his sentence at Federal Correctional Institution, Hazelton, West Virginia ("FCI Hazelton"). (*See* D.E. 148 at 1; D.E. 157 at 1.)

On January 27, 2021, Defendant moved this Court for compassionate release under the FSA. (D.E. 148.) The Office of the Federal Public Defender for the District of New Jersey reviewed Defendant's *pro se* motion and opted not to file an appearance. (*See* D.E. 157 at 3.) The Government opposed Defendant's motion on May 14, 2021. (D.E. 157.) Notably, Defendant acknowledges in his motion that he did not submit a request to the warden for compassionate release prior to filing the instant motion, and the Bureau of Prisons has no record of such a request. (*See* D.E. 148 at 4; D.E. 157 at 7.)[3]

C.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This is a statutory requirement that this Court may not waive. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *Epstein*, 2020 WL 1808616, at *2–3. Because Defendant has not exhausted his administrative remedies, this Court may not consider the merits of his motion at this time, and his motion will be denied.

Even assuming, *arguendo*, that Defendant had satisfied the prerequisites for judicial review, this Court would still deny Defendant's motion on the merits. Defendant is 36 years old and contends that his race as an African American makes him "a vulnerable individual with a higher risk of fatality from the [COVID-19] virus." (D.E 148 at 2 (capitalization omitted); *see* D.E. 157 at 3.) According to the Centers for Disease Control and Prevention (CDC), "[l]ong-standing systemic health and social inequities have put various groups of people at increased risk of getting sick and dying from COVID-19, including many racial and ethnic minority groups." *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021). However, Defendant is fully vaccinated against COVID-19 as of April 3, 2021. (*See* D.E. 157 at 3.) Thus, there is an "extremely small" likelihood that Defendant "will contract COVID-19 and become seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see United States v. Doostdar*, Crim. No. 18-255, 2021 WL 429965, at *3 (D.D.C. Feb. 8, 2021) (denying compassionate release because defendant's "probability of becoming ill from COVID-19 [was] significantly diminished by the fact that he [] received the COVID-19 vaccine"); *United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated [defendant] is not an extraordinary and

---

[3] As an explanation for his failure to exhaust administrative remedies, Defendant states that "inmates are denied the form for the warden to review and are forced to submit compassionate releases on a basic cop-out which is turned into the only staff member [that] inmates have access to, the counselor," and that "inmates such as [Defendant] never receive a response." (D.E. 148 at 4 (capitalization omitted).) Defendant additionally states that "he filled out the cop-out, and with no possibility of getting it copied since he is under lockdown," he "set[] his original in the cell door[,] never to hear back." (*Id*. (capitalization omitted).)

compelling reason for his release.").[4]  Defendant's circumstances therefore do not establish extraordinary and compelling reasons to warrant his release.

Moreover, even if Defendant were unvaccinated and he presented health conditions that constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his release.  Defendant conspired to commit racketeering, including murder conspiracy, attempted murder conspiracy, murder, and conspiracy to distribute one kilogram or more of heroin.  (*See* D.E. 66 at 2; D.E. 157 at 14.)  Despite a sentencing guideline range of life in prison, this Court sentenced Defendant to 360 months' imprisonment pursuant to his plea agreement.  (*See* D.E. 157 at 2.)  Of that sentence, Defendant has only served approximately 68 months.  (*See id.* at 15.)  A reduced sentence here would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing").  This Court will therefore deny Defendant's motion.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

          /s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

---

[4] Although Defendant mentions in passing that he is "[o]verweight," (D.E. 148 at 14), "courts around the country have found that even an obese defendant's vaccination against COVID-19 precludes a determination that susceptibility to the disease is 'extraordinary and compelling' for purposes of the FSA." *United States v. Conway*, Crim. No. 16-370, 2021 WL 1884861, at *3 (D.N.J. May 11, 2021) (citing cases).

4