NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 16, 2022

Narik Wilson
Register No. 63724-050
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
*Pro Se Defendant*

Nicole Mastropieri, Esq.
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    **Re:**    *United States v. Narik Wilson*, **Crim. No. 13-787-1 (SDW)**

Litigants:

Before this Court are *pro se* Defendant Narik Wilson's ("Defendant") renewed Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and other related motions. (D.E. 160, 165, 171, 176.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motions.

## DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons ("BOP")] to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On November 1, 2016, Defendant pleaded guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and consisting of: (1) murder conspiracy and attempted murder of Victims 1–7, (2) murder of Victim 8, and (3) conspiracy to distribute one kilogram or more of heroin. (D.E. 64; D.E. 66 at 2.) On June 21, 2017, this Court sentenced Defendant to 360 months of imprisonment and five years of supervised release. (D.E. 88.) Defendant is currently serving his sentence at Federal Correctional Institution, Hazelton, West Virginia ("FCI Hazelton"). (*See* D.E. 165 at 1.)

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). "[T]he policy statement is not binding on prisoner-initiated motions," but its "descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive.'" *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021) (quoting *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

On January 27, 2021, Defendant filed a motion for compassionate release under the FSA in this Court, contending that his race as an African American makes him "a vulnerable individual with a higher risk of fatality from the [COVID-19] virus." (D.E. 148 at 2 (capitalization omitted).) On May 19, 2021, this Court denied Defendant's motion because (1) he failed to exhaust his administrative remedies and satisfy the procedural requirements for the motion; (2) his circumstances did not establish extraordinary and compelling reasons to warrant his release; and (3) the applicable 18 U.S.C. § 3553(a) factors weighed against his release. (*See* D.E. 158 at 3–4.)

Defendant finally submitted an administrative request for compassionate release with the warden on June 15, 2021, (*see* D.E. 165 at Ex. C; D.E. 174 at 1 n.1), and subsequently filed his renewed Motion for Compassionate Release, (D.E. 165). Defendant's administrative request was denied on August 5, 2021, and he has therefore exhausted his administrative remedies. (*See* D.E. 174 at 2); *see also* 18 U.S.C. § 3582(c)(1)(A); *Raia*, 954 F.3d at 597; *Epstein*, 2020 WL 1808616, at *2–3. The Government thereafter filed its opposition brief, (D.E. 174), and Defendant's renewed Motion for Compassionate Release is ripe for review.[2, 3]

C.

In his renewed motion, Defendant contends that (1) this Court incorrectly stated that he served only 68 months and failed to credit him for his time served in custody on a related case;[4] (2) this Court failed to consider his age at the time of his offense as a ground for compassionate release; and (3) the applicable statutory maximum sentence for his conviction was 20 years, not life imprisonment. (*See* D.E. 165 at 19–25.) As an initial matter, this Court notes that the FSA "provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019). Thus, to the extent that Defendant argues that (1) his sentence should reflect credit for time served in a related case, (2) his relative youth at the time of his offense warrants a sentence reduction, or (3) his sentence should be adjusted to meet the applicable statutory maximum sentence for his conviction, such concerns should be raised in a Habeas Petition or 28 U.S.C. § 2255 motion, and not in a Motion for Compassionate Release. *See United States v. Williams*, 844 F. App'x 485, 486 n.1 (3d Cir. 2021); *United States v. Webb*, Crim. No. 09-755, 2022 WL 206174, at *3 (E.D. Pa. Jan. 24, 2022) (finding

---

[2] Since this Court issued its previous Letter Opinion denying Defendant's Motion for Compassionate release, (D.E. 158), Defendant has filed a number of letters and motions in further support of his requests to be released. (*See* D.E. 160, 161, 163, 166, 168, 169, 171, 176, 183, 187.) In consideration of Defendant's *pro se* status, this Court has reviewed Defendant's submissions and treats them as briefs in support of his renewed Motion for Compassionate Release, (D.E. 165).

[3] Defendant's submissions only allude to the COVID-19 pandemic. (*See* D.E. 176 at 2.) For the avoidance of doubt, this Court reiterates its previous finding that Defendant has been fully vaccinated against COVID-19 since April 3, 2021, and "[th]us, there is an 'extremely small' likelihood that Defendant "will contract COVID-19 and become seriously ill." (D.E. 158 at 3 (quoting *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021)) (other citations omitted).)

[4] Defendant is correct that this Court's previous Letter Opinion did not credit time for his related 2011 sentence when it stated that he had "only served approximately 68 months" of his sentence. (D.E. 158 at 4.) When accounting for that credit, Defendant had served approximately 115 months of his 360-month sentence at the time this Court entered its decision. (*See* D.E. 174 at 4 n.3.) However, the extra credit would not have changed (and does not change) this Court's analysis of the applicable sentencing factors under 18 U.S.C. § 3553(a), which continue to weigh against his early release (as discussed below).

that a motion for compassionate release is not the proper mechanism for defendants to challenge the legality of their conviction and sentence).[5]

Even if Defendant's concerns constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. As this Court stated in its prior Letter Opinion, Defendant conspired to commit racketeering, including murder conspiracy, attempted murder conspiracy, murder, and conspiracy to distribute one kilogram or more of heroin. (*See* D.E. 66 at 2; D.E. 157 at 14; D.E. 158 at 4.) Despite a sentencing guideline range of life in prison, this Court sentenced Defendant to 360 months' imprisonment pursuant to his plea agreement. (*See* D.E. 157 at 2; D.E. 158 at 4.) Defendant has more than 15 years remaining on that sentence. (*See* D.E. 174 at 4.) A reduced sentence here would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). This Court will therefore deny Defendant's motions.

## **CONCLUSION**

For the foregoing reasons, Defendant's motions are **DENIED**. An appropriate order follows.

          /s/ Susan D. Wigenton      
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:      Parties

---

[5] Even if Defendant had filed the proper motion, this Court would still deny Defendant's request for release. First, Defendant has more than fifteen years remaining on his sentence, and that calculation accounts for the time that he served on a related 2011 criminal case. (*See* D.E. 171 at 3–4, Ex. A at 1.) Second, this Court already considered Defendant's age when it initially sentenced him and when it denied his first Motion for Compassionate Release. Third, Defendant is incorrect that a maximum penalty of life imprisonment does not apply in the absence of specific jury findings concerning his racketeering conduct. (*See* D.E. 165 at 22–24.) A jury finding was not needed as to the racketeering acts because Defendant specifically admitted to them as part of his plea agreement. (*See* D.E. 66 at 2.)