**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NARIK WILSON,<br><br>　　　　　Defendant. | Criminal Action No. 13-787-1 (SDW)<br><br>**WHEREAS OPINION**<br><br>June 29, 2023 |

**THIS MATTER** having come before this Court upon *pro se* Defendant Narik Wilson's ("Defendant") Motion to "reopen" his 18 U.S.C. § 3582 motion and "invoke the Court's equitable authority" ("Motion") (D.E. 211); and

**WHEREAS** this Court construes Defendant's Motion as a motion for reconsideration of this Court's August 16, 2022 Letter Opinion ("Prior Opinion") and Order (D.E. 193, 194) denying his Renewed Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (D.E. 165) and related motions (D.E. 160, 171, 176);[1] and

**WHEREAS** this Court's reasons for denying Defendant's Renewed Motion for Compassionate Release are detailed in the Prior Opinion. (D.E. 193.) The Prior Opinion noted that a sentence reduction can only be granted if there are both "extraordinary and compelling reasons" for a reduction *and* this Court finds that a sentence reduction is warranted based on the applicable sentencing factors in 18 U.S.C. § 3553(a). (*Id*. at 1–2.) *See* 18 U.S.C.

---

[1] This Court's judgment denying compassionate release for reasons stated in the Prior Opinion was affirmed by the Third Circuit on October 27, 2022. (*See* D.E. 210.) The present Motion is construed as a motion for reconsideration because the arguments contained therein challenge this Court's Prior Opinion, and because Defendant has not exhausted his administrative remedies as required to file a new motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Raia*, 954 F.3d 594, 597 (2020). This Court also considered and denied an earlier motion for compassionate release in May 2021. (*See* D.E. 148, 158.)

§ 3582(c)(1)(A).  This Court first concluded that Defendant's legal arguments should be raised in a 28 U.S.C. § 2255 motion, and not a motion under the First Step Act, because they challenged the validity of his sentence.  (D.E. 193 at 3–4.)  The Prior Opinion then considered whether—even if Defendant's legal arguments *did* constitute extraordinary and compelling reasons for release—a sentence reduction would be warranted under the applicable sentencing factors in 18 U.S.C. § 3553(a).  (*Id*. at 4.)  This Court found that those factors weighed against a sentence reduction, and thus concluded that Defendant's sentence would remain intact.  (*Id*.); and

**WHEREAS** a party moving for reconsideration of an order of this Court must file his motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked."  L. Civ. R. 7.1(i); *see* L. Crim. R. 1.1 (stating that Local Civil Rule 7.1(i) applies in criminal cases as well).  Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly."  *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted).  They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted).  They are "not a vehicle for a litigant to raise new arguments."  *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.,* 940 F. Supp. 2d 141, 168 (D.N.J. 2013); and

**WHEREAS** Defendant's Motion for Reconsideration is untimely because it was filed on January 23, 2023—more than four months after the 14-day time for requesting reconsideration had expired.  (D.E. 193, 211.)  *See* L. Civ. R. 7.1(i).  Notwithstanding, this Court has considered

the Motion, and finds that Defendant has not identified any intervening change in the relevant law, new evidence that was unavailable at the time the Prior Opinion was issued, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Defendant seeks reconsideration based on proposed amendments to section 1B1.13 of the United States Sentencing Guidelines, and the related Application Notes to that section which describe the types of "extraordinary and compelling reasons" that might warrant a sentence reduction. *See* U.S.S.G. § 1B1.13; 18 U.S.C. § 3582(c)(1)(A) (stating that a sentence reduction must be consistent with policy statements issued by the Sentencing Commission). In essence, Defendant argues that his legal arguments for a sentence reduction *were* properly brought in a motion for compassionate release, and that—under the proposed amendments—it is clear that this Court erred in (1) stating that they should have been brought in a 28 U.S.C. § 2255 motion and (2) not finding them to be extraordinary and compelling. (*See* D.E. 211 at 1–2.) This Court is aware that amendments to § 1B1.13 have been proposed and submitted to Congress, and has considered those proposed amendments. However, these amendments have not been enacted, and Defendant presents no intervening change in the law.[2] This Court determined in the Prior Opinion that Defendant's sentence should not be reduced, based on the applicable 18 U.S.C. § 3553(a) factors, even if there *were* extraordinary and compelling reasons for a sentence reduction, and Defendant's arguments in the present Motion do not address this Court's findings

---

[2] Defendant contends that *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), is no longer controlling law given the proposed amendments. *See* U.S. SENT'G COMM'N, *Adopted Amendments (Effective November 1, 2023)*, https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited June 22, 2023.) If enacted, these amendments would abrogate *Andrews* insofar as that case held that non-retroactive changes in law are not permissible considerations, but this Court did not rely on that part of the *Andrews* decision in its Prior Opinion. *See United States v. Andrews*, 12 F.4th 255, 260–62 (3d Cir. 2021). (*See* D.E. 193 at 2 n.1.)

as to those factors. (*See* D.E. 193 at 4.)[3] Accordingly, no changes in the law or sentencing guidelines regarding "extraordinary and compelling reasons" will alter this Court's decision to deny a sentence reduction in this case; therefore,

Defendant's Motion for Reconsideration will be **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

---

[3] Verbatim, this Court stated that "[e]ven if Defendant's concerns constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release." (D.E. 193 at 4.)